VALENTÍN POLANCO DE JESÚS, Plaintiff and Appellant, v. A. RUIZ & CO., S. en C., Defendant and Appellee; LORENZA ROSARIO, Intervener.

No. 8864. Argued January 12, 1944.—Decided February 17, 1944.

*V. Polanco de Jesús, pro se. Angel Rivera Colón* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The present case is closely related to previous proceedings brought before this court. We are referring to the cases of *Rosario v. Ruiz*, 62 P. R. R. 310, and *Rosario v. Ruiz*, decided on February 10, 1944, *ante*, p. 89. We think it is unnecessary to repeat here the facts involved in said suits. It is sufficient to state that, as a result of the first one, Polanco de Jesús brought an action of unlawful detainer against A. Ruiz & Co. wherein he alleged to be owner and possessor of a house which is occupied by the defendant without paying any rental or consideration, and has refused to surrender the same. The defendant denied these facts and alleged, on the contrary, that it is occupying the house under a verbal contract of lease at a monthly rental of $30, entered into originally with Santiago Ruiz López, (one of the defendants in the two cited cases), former owner of the property, and later with Alfredo Cortés as attorney in fact of Doña Lorenza Rosario (plaintiff in the former suits), present owner of the house. As matter of opposition and defense, the defendant set forth the facts that gave rise to the appeal in *Rosario v. Ruiz*, 62 P.R.R. 310, and alleged that said appeal was pending decision in this court and, therefore, that the owner of the property was Doña Lorenza Rosario.

After leave was granted, Lorenza Rosario intervened and in her answer alleged, in substance, the same facts as the defendant.

For reasons which we shall set forth later on, it is of importance to state that although the first hearing (*primera comparecencia*) in this case was held on February 3, 1943, by agreement of the parties, the second hearing (*segunda comparecencia*) was postponed to a date subsequent to the decision of the appeal pending before this court in the case of *Rosario* v. *Ruiz, supra,* Thus we have that our opinion is dated July 7, 1943, while the second hearing took place on August 16, 1943.

■■ It was proved at said hearing that when the plaintiff acquired said property at a public sale, the corresponding deed was executed and recorded in the registry of property, and furthermore, that the marshal of the court gave him possession of the property and, in the certificate of service issued, he specified the following:

'I CERTIFY: That I received the writ of possession in this case on January 8, 1943, and in order to comply with the same I went to the town of Ciales, on January 12, 1943, and at half past four o'clock of said day, I gave legal possession of the property described in the mandate to Attorney Valentín Polanco de Jesús, after he had identified the same, making it known to the tenants of Mr. Alfredo Ruiz López, who represented A. Ruiz & Co., as proxy, and Dr. Antonio Fernández Valdés; and to the adjacent owners Joaquín Torre Noriega and Dr. Luis Torre Pintueles, who represented the heirs of Elías Torre Noriega, and to Mr. Santiago Ruiz López for himself and as Mayor of Ciales, P. R. I informed them all that from today, January 12, 1943, and hereafter, Mr. Valentín Polanco de Jesús was the lawful owner of the property.''

It was further proved by the uncontradicted testimony of the plaintiff that he asked the defendant, on the day that he went with the marshal, to surrender the house and that he also wrote a letter to the managing partner with the same request and thereafter brought the action of unlawful detainer. It

was also proved by the plaintiff that he had made the deposit in court in compliance with the pronuncements of the judgment of this court of July 7, 1943, but that said deposit did not include the costs claimed by Doña Lorenza Rosario because, in his opinion, she had waived the same.

According to our opinion of February 10, 1944, in the second appeal in the case of *Rosario* v. *Ruiz, supra,* this contention of the plaintiff herein was upheld. At the close of the opinion in that case, we said:

"Let us now consider the deposit made to satisfy the judgment.

"The judgment of the Supreme Court, modified, as we have said, on July 21, 1943, specifically decided that the purchaser *pendente lite* had to pay in order that the farm purchased by him would be exonerated from the judgment rendered against his predecessors in title, Santiago Ruiz and his wife. The purchaser *pendente lite* acted strictly in accordance with the judgment of this Supreme Court in making the deposit in court, which he later completed by depositing the amount of $2.76 for interest accrued.

"This being so, the order appealed from must be reversed and another rendered instead holding that the deposit in court was properly made and that the portion of the judgment which the purchaser *pendente lite* had to pay was fully satisfied, in all its legal effect."

It follows, therefore, that since it was proved that the plaintiff took possession of the property and notified the defendant that it had to surrender the same, and furthermore, that he had already deposited in court everything he was bound to pay as a purchaser *pendente lite*, the lower court erred in holding that the possession acquired by the plaintiff was "symbolic," and that the possession held by the defendant prevailed because it had a verbal contract of lease with Lorenza Rosario. It likewise erred in holding that the defendant was not bound to deliver the same to the plaintiff because in doing so "Lorenza Rosario failed to receive the interest or rental income from the mortgage to which she was entitled *while no deposit in court was made which would*

*protect her rights.''* (Italics ours.) Since the deposit had been properly made and everything the plaintiff was bound to pay had been fully satisfied, what right did the intervener, Lorenza Rosario, have to receive "interest or rental income from the mortgage" in prejudice to the acknowledge rights of the plaintiff?

Notwithstanding the fact that the second hearing was postponed to a date subsequent to our judgment in the first appeal above mentioned, and that the plaintiff made the deposit in court in accordance with said judgment, and that the lower court admitted these facts as true, yet the trial court states in its opinion that "in order to decide this matter, we must rely on the facts as they existed when the complaint was filed, without impairing the right of Valentín Polanco de Jesús to file a new action of unlawful detainer *after he has fully deposited in court and liquidated with Lorenza Rosario what is due her. . .''* (Italics ours.)

Conceding, without holding, that Polanco could not evict the defendant without first making the deposit in court in favor of Lorenza Rosario, however, since it was proved that he did make the deposit, the lower court erred in deciding that the plaintiff had to bring a new action of unlawful detainer. The purpose of the parties in postponing the second hearing in this case was precisely to give the lower court the benefit of our judgment of July 7, 1943, in the former case, fixing the amount of the deposit that Polanco had to make. It has been proved that he made the deposit in compliance with our judgment, and therefore, he had no other debts to liquidate with Lorenza Rosario.

The judgment appealed from must be reversed and another rendered instead sustaining the complaint.